### KELMENSON v. METROPOLITAN OPERA CO.

(Supreme Court, Appellate Term, First Department. May 6, 1915.)

Appeal and Error ⊕➾1151—Determination—Modification—Amount of Recovery—Exemplary Damages.

Where the court charged that a person ejected from a theater could not recover punitive damages, in the absence of a showing that defendant was liable for the wantonness and maliciousness of the force used, and there was no such evidence, a verdict, the amount of which obviously includes punitive damages, must be reduced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506; Dec. Dig. ⊕➾1151.]

⊕➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from City Court of New York, Trial Term.

Action by Esther Kelmenson against the Metropolitan Opera Company. From a judgment for plaintiff, defendant appeals. Conditionally reversed and remanded.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Wise & Seligsberg, of New York City (Edmond E. Wise and Isaac Lande, both of New York City, of counsel), for appellant.

Meyer Radeloff, of Brooklyn, for respondent.

PER CURIAM. The verdict of the jury in favor of plaintiff is supported by the evidence, and cannot be said to be against the law as set forth in the charge of the learned judge below, and so far as the same was not excepted to. In other words, it is within the theory of the case as tried. But the amount of the verdict, $400, is plainly excessive upon the same theory. The court charged the jury that plaintiff "cannot recover 'smart money' * * * unless the defendant, as distinguished from the agents themselves, was responsible for the wantonness and maliciousness [of the force alleged to have been used to eject plaintiff from the place she occupied]." There is no testimony that defendant was responsible for these wanton or malicious acts of the ushers, even if such were proved. For the actual injury to plaintiff, $100 would be liberal compensation. If plaintiff will stipulate that the amount of the judgment be reduced to that sum, with appropriate costs, the judgment may be modified to that effect, and, as modified, affirmed; otherwise, reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate to reduce the amount of the recovery to the sum of $100, such stipulation to be served within six days after entry of the order and notice thereof, in which event the judgment, as so modified, is affirmed, without costs of this appeal to either party.